**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**FRANKIE CORNELL ELLIS,**

      **Petitioner,**

v.                                                  **Civil Action No. 5:19cv1
(Judge Stamp)**

**WARDEN, USP Hazelton,**

      **Respondent.**

**REPORT AND RECOMMENDATION**

**I. Introduction**

On January 2, 2019, the *pro se* Petitioner, Frankie Ellis, an inmate incarcerated at USP Hazelton located in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence imposed by the United States District Court for the Eastern District of North Carolina. The Petitioner has satisfied the filing fee. ECF No. 11.

The matter is assigned to the Honorable Frederick P. Stamp, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**II. Factual and Procedural History[1]**

---

[1] The facts are taken from the Petitioner's criminal cases Nos. 5:07cr60 and 4:07-cr-26-BR in the United States District Court for the Eastern District of North Carolina, available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

**A. Conviction and Sentence**

On March 7, 2007, a one-count indictment was returned against the Petitioner in Criminal Case No. 5:07-cr-60 charging him with Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1) and 924. On May 9, 2007, a six-count indictment was returned against the Petitioner in Criminal Case No. 4:07-cr-26 charging him with Conspiracy to Distribute and Possess with the Intent to Distribute and Possess with the Intent to Distribute 50 grams or more of Cocaine Base (Crack), in violation of 21 U.S.C. § 846 (Count One); Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1) and 924 (Count Two); Distribution of 5 Grams or more of a Cocaine Base (Crack), in violation of 21 U.S.C. § 831(a)(1) (Counts Three, Four and Five); and, Possession with Intent to Distribute a Quantity of Cocaine Base (Crack), in violation of 21 U.S.C. § 841(a)(1) (Count Six).  On December 5, 2007, the Petitioner entered into a Plea Agreement whereby he agreed to plead guilty to the charge in the first indictment and Count One of the second indictment.  On August 4, 2008, the Court sentenced the Petitioner to 60 months' imprisonment, 3 years' supervised release, and a $100 special assessment for the charge in the first indictment and a concurrent sentence of 262 months' imprisonment, 5 years' supervised release and $100 special assessment for Count One of the second indictment. The 262 months' sentence was based on a career offender enhancement.[2] According to the Bureau of Prisons Inmate Locator, the Petitioner's current projected release date is September 15, 2027. However, the

---

[2] The Petitioner was determined to be a career offender based on two prior qualifying convictions and his base offense level was determined to be 37. His base offense level was reduced three levels to 35 for acceptance of responsibility. At a level 34, with a criminal history category VI, the Petitioner had a sentencing range of 262-327 months.

Petitioner has a Motion for Reduction of Sentence pursuant to the First Step Act pending in Criminal Case No. 4:07-cr-26 in the Eastern District of North Carolina.[3]

**B. Appeal**

The Petitioner filed a Notice of Appeal on August 5, 2008. On August 14, 2009, the Fourth Circuit Court of Appeals affirmed the Petitioner's conviction.

**C. Motion to Vacate**

On August 3, 2012, the Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. The Petitioner argued that he was erroneously sentenced as a career offender for Conspiracy to Distribute and Possess with the Intent to Distribute 50 grams or more of Cocaine Base (Crack) and Possession of a Firearm by a Felon. Specifically, he argued that based on the decision in United States v. Vann, 600 F.3d 771 (4th Cir. 2011), his prior North Carolina conviction for indecent liberties with a minor is not a crime of violence for purposes of § 4B.1, and without that conviction, he did not qualify for the career offender enhancement. On April 3, 2013, the District Court dismissed the § 2255 motion and denied a certificate of appealability. In dismissing the motion, the Court found that the Petitioner's claim amounted to nothing more than the court misapplied the career offender guideline, and any such misapplication did not result in a miscarriage of justice to warrant relief. The Petitioner appealed, and on August 28, 2013, the Fourth Circuit denied a Certificate of Appealability.

---

[3] According to the motion, the Petitioner is eligible for relief under the FSA of 2018; because, the 18-to-1 ratio between crack cocaine and powdered cocaine would lower his statutory sentences under Section 841(b)(1)(A) from ten years to life to a statutory sentence of 5-40 years under Section 841(b)(1)(B). Therefore, under the 18-to-1 ratio as a career offender, the Petitioner would have a base offense level of 31, (reduced three levels for acceptance of responsibility from level 34), a criminal history category of VI, and a sentencing range of 188-235 months.

On June 21, 2016, the Court of Appeals granted the Petitioner's motion for authorization to file a second or successive § 2255 motion based on the decision in Johnson v. United States, 135 S.Ct. 2551 (2015). The Petitioner, with the assistance of counsel filed his § 2255 motion on June 22, 2016. On the government's unopposed motion, the court stayed the proceedings pending the decision in Beckles v. United States, 137 S.Ct. 886 (2017). After the Beckles decision was issued, the court concluded that the Petitioner's challenge to the application of the career offender guidelines was precluded and dismissed the § 2255. On December 28, 2017, the Fourth Circuit denied the Petitioner a certificate of appealability.

### D.     Instant § 2241 Petition

The Petitioner maintains that considering retroactive changes made by the Supreme Court in Mathis v. United States[4], 136 S.Ct. 2243 (2016), his conviction for indecent liberties with a child no longer constitutes a crime of violence and cannot be used to enhance his sentence under Section 994(h) which created USSG Section 4B1.1(a). For relief, he requests that his sentence be vacated, and the case be remanded for resentencing without application of the Career Offender Guidelines.

### III. Legal Standard

### A.     Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions

---

[4] In Mathis, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 924(e), and found that Iowa's burglary statute encompassed conduct broader than that encompassed by federal generic burglary as defined in Taylor v. United States, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a crime of violence under the ACCA.

for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants.

As a pro se litigant, the Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, the Petitioner unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th

Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of

sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

### IV. Analysis

Although the Petitioner alleges that he has satisfied the Wheeler savings clause, he is mistaken. First, the Petitioner has not established that, after his first § 2255 motion, the "settled substantive law [that established the legality of his sentence] changed and was deemed to apply retroactively on collateral review," as required by the second prong.

The Petitioner asserts that, pursuant to Mathis, there has been an intervening change in substantive law that retroactively affects his case. Contrary to the Petitioner's argument, district courts in this Circuit and elsewhere have held that Mathis does not represent a substantive change in the law. See, e.g., Stewart v. United States, No. CR ELH-17-1408, 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (recognizing that Mathis did not announce a new substantive rule applicable to cases on collateral review); Dimott v. United States, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068115, at *3 (D. Maine Oct. 14, 2016) ("The Supreme Court made clear that it was not breaking new ground in Mathis . . . ."); Blackwell v. United States, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, Mathis does not set a new rule.").

Rather than changing settled substantive law in Mathis, the Supreme Court reaffirmed precedent in existence well before the Petitioner's conviction, sentence and § 2255 motion:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And that rule does not change when the statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were-just the facts, which ACCA (so we have held, over and over) does not care about.

136 S.Ct. at 2557. Put simply, Mathis sets forth a "procedural rule that has not been made retroactive on collateral review." Fisher v. Rickard, No. 1:17-CV-03730, 2018 WL1405324, at *4 (S.D. W. Va. Feb. 16, 2018), report and recommendation adopted, No. CV 1:17-03730, 2018 WL 1404279 (S.D.W. Va. Mar. 20, 2018). See also Walker v. Kassell, 726 Fed.Appx. 191, 2018 WL 2979571 (4th Cir. June 13, 2018) (Mathis has not

8

been held retroactively applicable on collateral review, so Walker cannot proceed under §2241).

Furthermore, even if the Petitioner could satisfy the first, second, and third prongs of Wheeler, the Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[5] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [I]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether

---

[5] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

9

the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because the Petitioner was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and therefore, fails to satisfy the § 2255(e) savings clause.

Because the Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED without prejudice.**

The Petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including

exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 10, 2019.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE