IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRANKIE CORNELL ELLIS,

    Petitioner,

v.                                                          Civil Action No. 5:19CV1
                                                                               (STAMP)

WARDEN, USP Hazelton,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTIONS**

I.   Procedural History

The pro se[1] petitioner, Frankie Cornell Ellis ("Ellis"), an inmate formerly incarcerated at USP Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241") challenging the validity of his sentence imposed by the United States District Court for the Eastern District of North Carolina. ECF No. 1. The petitioner asserts that under Mathis v. United States, 136 S. Ct. 2243 (2016), his conviction for indecent liberties with a child no longer constitutes a crime of violence and cannot be used to enhance his sentence under § 994(h) which created United States Sentencing Guideline ("U.S.S.G.") § 4B1.1(a). Id. at 5. For relief, petitioner requests that this Court vacate his sentence, and the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

case be remanded for re-sentencing without application of the Career Offender Guidelines. ECF No. 1 at 8.

The action was referred to United States Magistrate Judge James P. Mazzone for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2 and 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed a report and recommendation recommending that petition be denied and dismissed without prejudice. ECF No. 13. The magistrate judge informed the petitioner that if he objected to any portion of the report and recommendation, he was required to file specific written objections within 14 days after being served with copies of the report and recommendation. Id. at 10. The petitioner filed objections.[2] ECF No. 18.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation

---

[2]This Court notes that petitioner filed a notice of change of address one day after the report and recommendation was issued. ECF No. 14. A second attempt to deliver the report and recommendation was made and a return receipt reflects service was accepted at petitioner's new address, AUSP in Thomson, Illinois, on July 16, 2019. ECF No. 17. Petitioner filed his objections on August 5, 2019. Given the circumstances presented in this particular case, this Court will give petitioner of the benefit of the doubt and consider the objections to be timely filed.

2

to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

### III. Discussion

On de novo review, this Court finds that petitioner's § 2241 petition does not seek relief under any permissible ground as his claims do not relate to the execution or calculation of his sentence by the Federal Bureau of Prisons ("BOP"). Instead, petitioner's claims attack the validity of his sentence, imposed by the Eastern District of North Carolina, and such claims are properly contested either on direct appeal or in a § 2255 proceeding and, thus, the instant petition is an attempt to obtain relief under § 2255, and should be treated accordingly.

In his recommendation, the magistrate judge properly recommended that the petitioner's § 2241 petition be dismissed without prejudice after finding that the petitioner's claim is not properly brought under § 2241. The magistrate judge correctly found that because the petitioner is challenging the validity of

3

his sentence, not his conviction, the Court must apply United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), to determine whether § 2255 is inadequate or ineffective. Here, the magistrate judge found that the petitioner has not established that, after his first § 2255 motion, the settled substantive law that established the legality of his sentence changed and was deemed to apply retroactively on collateral review as required by the second prong of Wheeler. ECF No. 13 at 7. In the report and recommendation, the magistrate judge also noted that petitioner's reliance on Mathis is misplaced, as Mathis does not apply retroactively in this Circuit. Id. Additionally, the magistrate judge noted in his report and recommendation that even if the petitioner could satisfy the first, second, and third prongs of Wheeler, the petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. Id. at 9 (citing Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018)).

In petitioner's objections to the magistrate judge's report and recommendation (ECF No. 18), petitioner asserts that "summary dismissal was impermissible based on the fact that Ellis met § 2255(e) savings clause." Id. at 3. In support of this argument, petitioner reiterates his argument under Mathis in support of his contention that he is entitled to relief. ECF No. 18 at 2. Further, petitioner states that "[t]he Warden should have been held

4

to present a response negating Ellis's relief pursuant to § 2241," and adds that Lester,[3] as cited by the magistrate judge, "needs revisiting for various reasons." Id. at 7.

Upon de novo review, this Court finds that although petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not. Because petitioner is not challenging his conviction, the test under In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), does not apply and, instead, this Court must review the petition under the four prong savings clause test under United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), for erroneous sentences. This Court finds that the magistrate judge properly analyzed the petitioner's petition accordingly.

In Wheeler, the United States Court of Appeals for the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

---

[3]Lester v. Flournoy, 909 F.3d 708 (4th Cir. 2018).

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429.

The Fourth Circuit further specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Upon de novo review, this Court finds that to the extent the petitioner is raising arguments based upon Mathis, petitioner's argument fails and this decision does not afford petitioner relief. The magistrate judge properly reviewed the petition and correctly applied the substantive law. This Court further finds that the magistrate judge also properly determined that a response by the respondent was not required in this action. On de novo review, this Court finds that petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler as he cannot satisfy the second prong and the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and therefore his claim may not be considered

6

under § 2241. Thus, this Court is without jurisdiction to consider his petition.

Because the petitioner attacks the validity of his sentence, but fails to establish that he meets all four prongs of the <u>Wheeler</u> savings clause test for erroneous sentences, the petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241 with respect to his sentence. Thus, this Court upholds the magistrate judge's recommendation and overrules the petitioner's objections.

IV. <u>Conclusion</u>

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 13) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED, and the petitioner's objections (ECF No. 18) are OVERRULED.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 3, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE